IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:20-CR-209 |
| vs. | |
| ALEJANDRO G. VALENCIA, | ORDER |
| Defendant. | |

This matter is before the Court on the defendant's "sentencing memorandum" which, despite its caption, actually contains previously unasserted and exceptionally untimely objections to the presentence report and motions for departure and variance. Filing 401.

The initial sentencing schedule in this long-pending case was entered in August 2021. Filing 101. As pertinent, that order set a deadline of October 25, 2021, for asserting unresolved objections to the presentence report and motions for departure or variance. Filing 101 at 1-2. The defendant filed nothing before that deadline, and the Court entered tentative sentencing findings. Filing 117.

But that prompted the defendant to belatedly file an objection to the presentence report (filing 119) and a motion for leave to file out of time (filing 122), explaining that his objection wasn't filed on time "due to a communication error amongst the defense team." Filing 122 at 1. The defendant took issue with several statements of fact in the presentence report, but the only substantive objection asserted was about the defendant's safety valve eligibility. Filing 119. The Court granted the motion for leave. Filing 124. The Court's revised tentative sentencing findings expressly said that there were

"no motions for departure or variance" and that the only substantive objection the defendant was asserting was his safety-valve eligibility. Filing 123 at 1-2.

Sentencing in this matter has been continued several times since then, primarily because of proceedings relating to a co-defendant. Filing 142; filing 156; filing 181; filing 214; filing 242; filing 281; filing 297; filing 332; filing 372; filing 395; filing 400. Now, finally, the day approaches. So, three business days before the sentencing hearing, the defendant has filed what he's calling a "sentencing memorandum." Filing 401.

But it's far more than that. It reasserts the defendant's argument with respect to safety-valve eligibility, which the Court already said it would resolve at sentencing. Filing 401 at 2; *see* filing 123 at 2. But it also argues that the defendant's criminal history category is overstated, which in effect is a motion for downward departure based on U.S.S.G. § 4A1.3(b)(1).[1] And it objects to the presentence report's failure to adjust the offense level based on the defendant's role in the offense pursuant to U.S.S.G. § 3B1.2. Filing 401 at 2-3. And the defendant moves for a downward variance based on his personal circumstances and the circumstances of the offense. Filing 401 at 3-4.

To be clear: Three business days before sentencing, and over three <u>years</u> since the deadline for filing objections and sentencing motions, is <u>not</u> the time to be introducing new issues into the proceedings. The Court's standard order on sentencing schedule, *see* filing 101, sets up a process for enabling careful

---

[1] Although it's not entirely clear what the defendant is actually asking for, because immediately after asserting that the defendant's criminal history category II is overstated, the defendant says "[i]t is respectfully requested that the Court consider the defendant's criminal history to be Category II." Filing 401. The Court assumes that's just a typo. *See* filing 401 at 4 (calculating guidelines range based on criminal history category I).

deliberation on all the issues relevant to sentencing—and this just isn't the way it's supposed to work.

Were this any other case, the Court would be strongly considering whether to continue the sentencing hearing to permit the Court and the government to more effectively address these new arguments. But this case has been prolonged enough already. Accordingly, this matter will proceed to sentencing on Monday, with the risk of non-persuasion associated with these untimely objections placed squarely on the defendant.

The Court would, in fact, be well within its discretion to simply deny the defendant's belated objection and motions. *See United States v. Dokes*, 872 F.3d 886, 889 (8th Cir. 2017). But the Court is disinclined to go that far. To begin with, the defendant's motion for variance simply asks the Court to consider the circumstances and the 18 U.S.C. § 3553(a) factors—which the Court is obliged to do in every case regardless. *See Gall v. United States*, 552 U.S. 38, 49-50 (2007); *United States v. Hernandez,* 518 F.3d 613, 616 (8th Cir. 2008).

It's the defendant's burden, however, to show that a departure or a mitigating role adjustment is warranted. *See United States v. Salazar-Aleman,* 741 F.3d 878, 880 (8th Cir. 2013); *United States v. Cantu,* 12 F.3d 1506, 1511 (9th Cir. 1993). To set out the operative principles: Overstated criminal history is a basis for downward departure "[i]f reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." § 4A1.3(b)(1). "A downward departure from the defendant's criminal history category may be warranted if, for example, the defendant had two minor misdemeanor convictions close to ten years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period." *Id.*, cmt. n.3.

Similarly, § 3B1.2 "provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant in the criminal activity." *Id.*, cmt. n.3(A). Specifically, it's the defendant's burden to establish both that he is a "minor participant by comparison with other participants and by comparison with the offense for which he or she is accountable." *United States v. Ramirez-Maldonado*, 928 F.3d 702, 708 (8th Cir. 2019). The Court considers, among other things,

(i) the degree to which the defendant understood the scope and structure of the criminal activity;

(ii) the degree to which the defendant participated in planning or organizing the criminal activity;

(iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;

(iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; [and]

(v) the degree to which the defendant stood to benefit from the criminal activity.

§ 3B1.2 cmt. n.3(C).

Having presided over the trial of a co-defendant—twice—and heard the defendant's testimony, the Court believes it is well-informed and prepared to

sentence this defendant.[2] The Court has set aside 30 minutes for sentencing, which the Court believes is sufficient to fairly dispose of all the issues raised, timely and untimely. (Nor has the defendant asked for any time to adduce additional evidence. *See* filing 101 at 2; filing 123 at 3.) The Court will not burden the government, at this late date, with presenting any additional evidence to respond to the defendant's contentions—and although the Court intends to resolve the defendant's arguments on the merits, the Court reserves its discretion to simply dismiss them as untimely. On that basis,

IT IS ORDERED that the defendant's "sentencing memorandum" will be taken up at sentencing.

Dated this 13th day of December, 2023.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

---

[2] Because the sentencing process does not carry the same evidentiary protections guaranteed during a criminal trial, relevant, reliable evidence from a codefendant's trial presided over by the sentencing judge may be considered in sentencing a defendant even though the defendant was not present, represented, or able to confront and cross-examine witnesses at his codefendant's trial. *Smith v. United States,* 206 F.3d 812, 813 (8th Cir. 2000); *see United States v. Russell,* 234 F.3d 404, 409 (8th Cir. 2000); *United States v. Fetlow,* 21 F.3d 243, 250 (8th Cir. 1994); *see also United States v. Gomez-Coronado,* 216 F. App'x 615, 617 (8th Cir. 2007); *United States v. Simmons,* 100 F. App'x 600, 601 (8th Cir. 2004).